**UNIVERSAL COOPERATIVES, INC., Appellee,**

v.

**TRIBAL CO–OPERATIVE MARKETING DEVELOPMENT FEDERATION OF INDIA, LTD., Appellant,**

**Larry Klayman, Appellant.**

**No. 93–2304.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1994.

Decided Jan. 23, 1995.

Larry Klayman, Washington, DC, argued (William H. Henney, on the brief), for appellant.

Alan Marshall Anderson, Bloomington, MN, argued (Renee L. Toenges, on the brief), for appellee.

Before FAGG, Circuit Judge; HEANEY, Senior Circuit Judge; and BARNES *, District Judge.

HEANEY, Senior Circuit Judge.

In this case we confront a lawyer caught between his client and the court. Specifically, we are presented with the question of when counsel should be sanctioned for a client's failure to appear before a magistrate as ordered. We conclude that a lawyer who has used his or her best efforts to secure the compliance of the client ought not be subjected to sanctions in these circumstances. In light of the facts outlined below, we affirm the fine imposed on Tribal Co–Operative Marketing Development Federation of India ("Trifed"), but reverse the magistrate's sanctions against Trifed's counsel, Larry Klayman.

In 1991, Universal Cooperatives, Inc. ("Universal") brought suit against Trifed for breach of contract and promissory estoppel arising from a contract to sell niger seed.[1] Headquartered in Delhi, India, Trifed appears to be a quasi-governmental, Indian corporation connected to the Ministry of Welfare. Trifed has no offices or employees located within the United States. Attorney Larry Klayman of Washington, D.C., represented Trifed in its litigation with Universal.

On September 22, 1992, Magistrate Judge Franklin L. Noel ordered the parties and their counsel to appear at a settlement conference on October 30, 1992. The order provided:

> Counsel who *will actually try the case* and *each party, armed with full settlement dis-*

---

\* The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation.

1. After trial in November 1993, a jury awarded Universal $483,132 in damages. On November 29, 1993, the district court entered judgment for $543,450.69, an amount which included prejudgment interest on the award. To this date, Trifed has neither appealed nor paid the judgment.

**1196**

*cretion*, shall be present.... If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

(Emphasis in original.) Attorney Klayman claims that he received no copy of Magistrate Noel's order until October 23, 1992, when opposing counsel forwarded a copy by fax machine. By letter dated that same day, Klayman requested that Magistrate Noel reschedule the conference to a date closer to trial, that he waive the requirement that a corporate officer attend the conference, and that he permit counsel for Trifed to participate by telephone. Klayman expressed to the magistrate his belief that settlement prospects were negligible: "TRIFED is not willing to pay to plaintiff anything whatsoever in settlement of this suit, as TRIFED feels very strongly that plaintiff's claim is frivolous and groundless." Klayman also emphasized the expense of travel from India to St. Paul and the fact that fruitless settlement discussions had already taken place. On the eve of trial, Klayman suggested, Trifed representatives would be in St. Paul in any event. Magistrate Noel agreed to reschedule the conference to December 4, 1992, but otherwise reaffirmed the requirements of his order. Twice more Klayman attempted to convince Magistrate Noel to modify further his order, and was both times rebuffed. Again Klayman urged that, in light of his client's express unwillingness to settle for anything less than full dismissal of the action, Trifed be permitted to appear through "counsel with full authority to represent TRIFED's settlement position...."

On December 4, 1992, a settlement conference of sorts took place. Universal was represented by counsel and an officer with the requisite settlement authority. Appearing for Trifed were two individuals: local counsel

William Henney and Sushovan Sengupta, an administrative assistant in the Visa Section of the Indian Consulate in Chicago. In the course of the attempted settlement discussions that day, Sengupta refused to offer any money to settle the case, stating only that Trifed viewed the case as meritless.[2] On December 7, 1992, Magistrate Noel issued an Order to Show Cause, directing Klayman to explain why he and Trifed should not be sanctioned for their conduct surrounding the settlement conference. On January 19, 1992, Magistrate Noel ordered that Klayman pay Universal "any costs, including attorney's fees, incurred by the plaintiff in attending the aborted December 4, 1992, settlement conference" and that Trifed be fined $6,708, "which represents the sum of money [Trifed] thought it would save in air fare by reason of [Trifed's] willful violation of the court's order." The district court affirmed the magistrate judge's sanction order on April 2, 1993.

We review the imposition of sanctions for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). While it is true that "sanctions should not be lightly imposed," *Brown v. Federation of State Medical Bds. of U.S.*, 830 F.2d 1429, 1437 (7th Cir.1987), it is clear that sanctions are on occasion necessary "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781. Moreover, we note that the authority of a magistrate to require that duly empowered corporate officers attend a settlement conference is well settled. *See, e.g., G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 655 (7th Cir.1989).

First, we find no error in the magistrate's decision to sanction Trifed for its admittedly willful decision not to comply with Magistrate Noel's order by sending a properly authorized corporate officer. Trifed had—

---

**2.** As the magistrate's show cause order stated, "[i]t became apparent to the court that Mr. Sengupta knew nothing about the facts of the case, and had no authority to do anything other than to repeat defendant's refusal to offer any money to settle this case."

and took—numerous opportunities to convince Magistrate Noel of the inadvisability of his order. Failing that, Trifed elected to ignore the objectionable terms of the order and to substitute others more to its liking. The rule of law cannot countenance Trifed's brand of *ad hoc* cost-benefit compliance analysis, and we affirm both the imposition and the amount of those sanctions.

 Second, because the record demonstrates that Klayman used his best efforts to secure the compliance of his client, we hold that the district court abused its discretion in affirming the sanctions imposed on him by the magistrate judge. The uncontradicted affidavit of M.M. Lohia, the manager of Trifed, indicated that Klayman "at all times advised that the magistrate's order must be obeyed and that a TRIFED official from India must appear at the conference, with full authority to settle the case." Lohia further stated that Klayman also proposed that Trifed make at least a nominal settlement offer. In spite of Klayman's recommendations, Trifed chose to maintain its inflexible opposition to settlement and to send a deputized spokesman rather than a fully authorized corporate officer. Responsibility for Trifed's refusal to comply with a valid order of the court properly lies with Trifed, not with counsel. Moreover, we find no evidence that Klayman made any misrepresentation in his correspondence with the court.

Universal makes much out of Klayman's failure to appear in person. Responding to the show cause order, Klayman explained that he could not attend the settlement conference in person "due to an urgent client matter" involving textile antidumping proceedings that demanded his presence in Oporto, Portugal. A close reading of Magistrate Noel's order and the ensuing correspondence, however, fails to reveal with any clarity whether or not Klayman's personal presence was either required by the court or promised by Klayman himself. It is sufficient for our purposes to note that Magistrate Noel's show cause order cites Sengupta's presence, not Klayman's absence, as the basis for the sanctions.

In sum, because we find that Klayman used his best efforts to secure the compliance

of his client with the order of the magistrate, we reverse the district court's affirmance of the sanctions imposed on him by Magistrate Noel. Moreover, in light of Trifed's admittedly willful decision to disobey an order of the court, we affirm the magistrate's sanctions as to Trifed.

The order of the district court is affirmed in part and reversed in part.