**IOWA CIVIL LIBERTIES UNION et al., Petitioners,**

v.

**Hon. Anthony M. CRITELLI, et al., Respondents.**

No. 58829.

Supreme Court of Iowa.

July 30, 1976.

Gordon E. Allen, Leslie Babich and Joseph L. Marks, Des Moines, for petitioners.

Richard C. Turner, Atty. Gen., and C. Joseph Coleman, Jr., and William G. Enke, Asst. Attys. Gen., for respondents.

McCORMICK, Justice.

This is an original action in which petitioners ask this court to enter a supervisory order nullifying a local rule of the Fifth Judicial District. We deny the petition.

The questions presented are (1) whether this court should accept jurisdiction of the action under its supervisory power, (2) whether petitioners have standing to bring the action, (3) whether the case is moot, (4) whether respondent judges had authority to adopt the rule, (5) whether petitioners have shown the rule denies them due process and equal protection, and (6) whether petitioners have shown the rule denies them pretrial rights assured by various statutes.

In 1973 the judges of the Fifth Judicial District adopted 31 rules of practice. Eighteen of them were made applicable throughout the district, and the remainder were made applicable in Polk County only. Rule 26 prescribed procedures to be utilized in processing pretrial motions in civil and criminal cases. For purposes of the rule, motions were defined in division (A) as including "all motions, special appearances, applications, objections, resistances or other preliminary matters, however denominated, and whether applicable to pleadings or discovery matters or applicable to other legal matters in a case, civil or criminal".

Subsequently the district judges adopted an amendment to rule 26 adding division (F), setting various time limits for pretrial procedures in Polk County criminal cases. Rule 26(F) is challenged in this action. It provides:

In addition, the following schedule and time limits shall apply in criminal cases due to the time requirements of Chapter 795, The Code.

1. Pre-trial motions as defined in (A) above include Motions for a Bill of Particulars, Motions to Suppress, Motion for Trial under Chapter 783, the Code, and all discovery requests directed to the Court or a party, except discovery depositions.

2. Except where otherwise ordered by the Court, all pre-trial motions, as defined in the Rule, shall be filed within 17 days after arraignment and responded to within 7 days thereafter. This time limit shall not apply to alter the time limit set out in the 1975 Code of Iowa, Section 749A.2, 769.18, 776.1, 777.18, and 780.10.

3. All discovery depositions permitted by law shall be completed within 25 days after arraignment.

4. A Motion in Limine shall not include requests to suppress evidence obtained by search and seizure or evidence in the nature of admissions or confessions of a defendant. A Motion in Limine shall be filed no later than 10 days before trial date.

5. Motions to Dismiss based on Chapter 795, the Code, or on the Sixth Amendment to the United States Constitution, shall be filed when the grounds therefor arise.

6. The County Attorney shall, within 17 days of arraignment, file any request, with reasons, to try a Defendant jointly with another Defendant, or try a Defendant jointly on more than 1 charge, or try a Defendant on less than all counts charged, or, in the alternative, and with reasons, his requested priority of Trials of Multiple charges against 1 Defendant or single charges against Multiple Defendants. The Defendant shall file any objections thereto within 7 days thereafter, and the Court shall rule as in the case of other Pre-trial Motions.

The amendment was applicable to all criminal cases docketed on and after November 1, 1975. The second sentence of subparagraph (F)(2) was added in May 1976.

I. *Jurisdiction.* This court is charged with constitutional power and responsibility to "exercise a supervisory and administrative control over all inferior judicial tribunals throughout the State." Article V, § 4, Constitution of Iowa. We have authority but not necessarily the duty to entertain original actions seeking to invoke the exercise of this power. *Warren County v. Judges of Fifth Jud. Dist. of Iowa,* 243 N.W.2d 894 (Iowa, filed June 30, 1976).

When a remedy is available in district court, we are not inclined to entertain an original action. Relief in this court should ordinarily await the normal course of appellate review.

■ In the present case, petitioners might well have pursued a remedy in district court, either through an action for declaratory judgment or by appropriate challenges to rule 26(F) in the criminal cases in which certain of them have been involved. Although we would not ordinarily accept jurisdiction under our supervisory power in these circumstances, we have decided to do so here because the action includes a challenge to the authority of district judges to adopt rules of court like rule 26(F), an issue of considerable public importance which has been squarely presented for our decision in this case.

We therefore accept jurisdiction.

II. *Petitioners' standing.* Respondents filed a pre-submission motion to dismiss this action on the ground petitioners lack standing to maintain it. After hearing, we ordered the motion submitted with the merits of the action.

■ Since petitioners' challenge to the rule is based in part on claimed infringement of federal constitutional rights, we apply federal principles to determine whether they have standing. *Gradischnig v. Polk County,* 164 N.W.2d 104, 107 (Iowa 1969). We must decide whether petitioners have alleged a sufficient personal stake in the outcome of the controversy to insure the dispute is presented in a concrete adversary context. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663, 678 (1962). Whether they have the required personal stake in the outcome does not depend on the merits of their claim. It depends on whether, if the wrong alleged does produce a legally cognizable injury, they are among those who have sustained it. *Id.,* 369 U.S. at 208, 82 S.Ct. at 705, 7 L.Ed.2d at 680.

■ Petitioner Iowa Civil Liberties Union alleges it is an organization incorporated under the laws of Iowa, whose members are residents, taxpayers and citizens of Iowa, and whose purpose is the "defense, preservation, and protection of the civil liberties" of Iowans assured under the state and federal constitutions. Petitioners Gordon E. Allen and Judd Golden allege they are Iowa lawyers who represent defendants in criminal cases in Polk County. The remaining petitioners are persons who allege they are defendants in Polk County criminal cases subject to rule 26(F).

We find the Iowa Civil Liberties Union and lawyer-petitioners lack standing to maintain this action. The principle of *jus tertii* applies to them. They seek to raise the rights of third persons. Ordinarily, a party lacks standing to raise the rights of others. Although the principle is subject to exceptions, the exceptions do not apply here. *Iowa Movers & Warehousemen's Ass'n v. Briggs,* 237 N.W.2d 759, 772–773 (Iowa 1976).

The situation is different as to petitioners O'Brien, Ewing, Anderson, Anita Marie Allen, and Bradshaw, who allege they are defendants in Polk County criminal cases subject to rule 26(F). They contend rule 26(F) invades specific constitutional and statutory rights of theirs. They assert the rule threatens them with direct injury, and they challenge the authority of respondents to adopt the rule. We think these claims show a sufficient personal stake in the outcome of the controversy to recognize the standing of these petitioners. See *Warth v. Seldin,* 422 U.S. 490, 499–500, 95 S.Ct. 2197, 2205–2206, 45 L.Ed.2d 343, 355–356 (1975); *Ramer v. Saxbe,* 522 F.2d 695, 700–703 (D.C.Cir.1975); *United States v. Kahane,* 396 F.Supp. 687, 696 (E.D.N.Y.1975).

We find the petitioners who allege they are defendants in Polk County criminal cases subject to rule 26(F) have standing to maintain this action. Subsequent use of the term "petitioners" in this opinion shall refer to them alone. Respondents' motion to dismiss the action is sustained as to the other petitioners.

■ III. *Mootness.* Standing may, of course, be lost if the claim on which it is

based becomes moot. The stipulated record shows that as of the time of submission of this action, only petitioner Bradshaw was still subject to rule 26(F). All other prosecutions had either terminated or proceeded beyond the pretrial stage. The record also shows that none of the petitioners, including Bradshaw, had in fact suffered a sanction under the rule.

The claims of all petitioners except Bradshaw are moot. Since Bradshaw's claim is not moot and because, in any event, the case presents a matter of public importance and a problem which will likely recur, we will not dismiss petitioners' claims on the ground of mootness. See *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161 (1973); *Catholic Char. of Arch. of Dubuque v. Zalesky,* 232 N.W.2d 539, 542–543 (Iowa 1975).

IV. *Respondents' authority.* Petitioners contend respondent judges did not have authority to adopt rule 26(F). They allege the rule is therefore void.

Respondents named in this action include only the district judges who reside in Polk County. The record shows rule 26(F) was adopted by majority vote of all district judges of the Fifth District; the other judicial officers named as respondents did not participate in adoption of the rule. Our use of the word "respondents" will refer to those respondents who actually participated in adoption of the rule.

Petitioners' argument is premised on two provisions of the Constitution of Iowa. One is Article V, § 14, which charges the legislature with the duty to provide for the carrying into effect of the judicial article "and to provide for a general system of practice in all the Courts of this State." The other is Article III, § 1, the separation of powers clause, which prohibits any person charged with the exercise of a power properly belonging to one branch of government from exercising any function belonging to another branch.

Respondents resist this contention on two grounds. They allege the legislature delegated authority to the courts to adopt such a rule through rules 372 and 373, Rules of Civil Procedure, and they also allege the courts have inherent power to adopt rules of practice which are not in conflict with constitutional or statutory provisions. We do not decide whether respondents had authority to adopt rule 26(F) under rules 372 and 373 because we find they had inherent power to adopt the rule.

At common law, the inherent power of courts to make rules governing practice and procedure and admission to the bar was firmly established. Gertner, The Inherent Power of Courts to Make Rules, 10 U.Cin.L. Rev. 32 (1936); Stewart, Rules of Court In Iowa, 13 Iowa L.Rev. 398 (1928). As recently as 1973 we asserted an inherent and exclusive power to supervise the conduct of attorneys and to prescribe rules governing their admission to the bar and practice. Court Rule 121, Preamble.

██ Although not expressly declared to be part of the law of this state by constitution or statute, the common law has always been recognized as in force in Iowa. Where repealed or changed by constitution or statute, it is not in effect. In addition, when conditions change so that a common-law principle has been varied by custom, is not founded in reason, or is not consonant with the genius and manners of the people, it ceases to have force. *Wagner v. Bissell,* 3 Iowa 396, 402–403 (1857); see *Handeland v. Brown,* 216 N.W.2d 574, 577 (Iowa 1974).

██ Constitutional or statutory provisions do not repeal the common law by implication unless the intention to do so is plain. *Fabricius v. Montgomery Elevator Co.,* 254 Iowa 1319, 1327, 121 N.W.2d 361, 366 (1963); *Goodwin v. Thompson,* 2 G. Greene 329 (Iowa 1849); 15 Am.Jur.2d Common Law § 16.

██ Notwithstanding Article V, § 14, of the Constitution of Iowa, which assigns a duty to the legislature to provide a general system of practice for the courts in this state, our cases have consistently recognized the inherent common-law power of the courts to adopt rules for the management of cases on their dockets in the ab-

sence of statute. In *State v. Ensley*, 10 Iowa 149 (1859), the court recognized the inherent power of a trial court to make a rule that a defendant not in custody whose application for change of venue was sustained must enter a recognizance within 48 hours of that time. In *Shane v. McNeill*, 76 Iowa 459, 41 N.W. 166 (1889), the court held that a statute authorizing the judges of this state in convention to draw rules of practice in all the districts of the state did not abrogate the common-law power of courts to make such rules. Until or unless superseded by rules adopted by the convention of judges or by statute, existing rules of practice adopted by the courts under their common-law power were held to be valid. The court noted that a contrary holding might leave the courts without rules of practice.

In *Hammon v. Gilson*, 227 Iowa 1366, 1373, 291 N.W. 448, 451–452 (1940), the court upheld a district rule governing dismissals of civil cases for want of prosecution. The court said:

"Under the recognized rule that courts have the inherent power to prescribe such rules of practice and rules to regulate their proceedings, in order to expedite the trial of cases, and to keep their dockets clear, and to facilitate the administration of justice, we have no hesitancy in upholding the right of district court judges to lay down and enforce the general order involved herein."

After adoption of the rules of civil procedure, this court held trial courts could not adopt and proceed according to inconsistent rules, adding, "We recognize the fact that there are certain areas in which the rules of this court are not effective and local rules can occupy such areas." *Thews v. Miller*, 255 Iowa 175, 182, 121 N.W.2d 518, 522 (1963).

In approving the use of motions in limine in criminal cases in *State v. Johnson*, 183 N.W.2d 194, 197 (Iowa 1971), the court said, "The inherent power of the court to control and manage the trial of any litigation is sufficient authority for their use."

■ We do not think the constitutional assignment of a duty to the legislature to provide a general system of practice for the courts vests the power to adopt rules of practice in the legislature exclusively. Where the legislature has not acted, courts possess a residuum of inherent common-law power to adopt rules to enable them to meet their independent constitutional and statutory responsibilities. We find Article V, § 14, of the Constitution, read with the separation of powers clause, Article III, § 1, does not manifest a plain intention to abrogate the inherent common-law power of courts to adopt rules of practice.

The legislature itself has at least implicitly recognized this power. Section 602.1 provides the district court "shall have and exercise all the power usually possessed and exercised by trial courts of general jurisdiction". The power involved here is one which is usually possessed and exercised by trial courts of general jurisdiction. In addition, it would be strange if the legislature would charge the courts with a duty to implement the speedy trial provisions of § 795.2, The Code, and at the same time not expect them to adopt rules designed to expedite trials of criminal cases. Rule 26(F), according to its terms, was adopted to enable the court in Polk County to meet that responsibility.

We hold respondents had inherent common-law power to adopt rule 26(F).

■ V. *Due process and equal protection.* Petitioners contend rule 26(F) violates the due process clause of the 14th Amendment of the United States Constitution because it is vague. They do not claim the time limitations in the rule are vague but assert the provision making those limitations applicable "except as otherwise ordered" is vague.

Principles applicable to a due process challenge to penal statutes on the ground of vagueness are discussed in *State v. Price*, 237 N.W.2d 813, 815–817 (Iowa 1976). Assuming, without deciding, that those principles apply to rule 26(F), we believe the words "except as otherwise ordered" have a readily ascertainable meaning in the context of the rule. They create an exception

permitting suspension of the rule for good cause. We do not think an unascertainable standard is thereby implicated.

Petitioners do not challenge the meaning of the rule but the meaning of the exception to it. They have not been threatened with the sanction of the rule, and they have not invoked the exception. They have not met their burden to show the rule is vague as applied to them.

In attacking the rule on equal protection grounds under the 14th Amendment, petitioners contend rule 26(F) denies them procedural and substantive rights available to defendants in criminal cases in other counties. They have not shown what rules exist in counties other than those in the Fifth Judicial District.

We will assume, without deciding, that counties other than Polk do not have a rule like 26(F).

In the interest of uniformity of rules of practice in the district courts of this state, we do not encourage a proliferation of idiosyncratic local rules. At the same time, we recognize the necessity of occasional departures from uniformity because of unique local conditions. Moreover, the problem here is not the wisdom of the rule but whether it denies petitioners equal protection.

The issue then becomes whether petitioners have demonstrated the classification resulting from the rule is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973).

■ The record shows a greater number of criminal cases are docketed in Polk County than in any other county of the state. Statistical records maintained by our administrator show 12.1 percent of all indictable criminal cases docketed in the state during 1975 were docketed in Polk County. During the same period, 21.6 percent of all trials in such cases in the state occurred in Polk County. As of November 1, 1975, when rule 26(F) was adopted, a backlog of about 800 indictable cases existed there.

The State was then experiencing difficulty in Polk County in bringing defendants to trial within 60 days of the filing of the charge in district court as required by § 795.2, The Code. As we observed in *State v. Jennings,* 195 N.W.2d 351, 356 (Iowa 1972), "The public policy inherent in § 795.2 requires trial within 60 days absent good cause, and it is the State's duty to effectuate that policy." We have also said chronic court congestion is not good cause for delay in trial of criminal cases. *State v. Hines,* 225 N.W.2d 156, 158–159 (Iowa 1975). We have emphasized the obligation of the district courts to give priority to the use of judicial resources in disposing of criminal cases because of the speedy trial requirement of § 795.2. *State v. Wright,* 234 N.W.2d 99 (Iowa 1975).

Against this background, in an effort to meet their public responsibility to implement the speedy trial statute, the judges of the Fifth District adopted rule 26(F). The rule is designed to expedite pretrial procedures to reduce pretrial delay. It seems reasonably calculated to do so. Therefore, it bears a rational relationship to a legitimate governmental interest.

■ The fact that it results in pretrial procedures which may be more expeditious in Polk County than in other counties of the state does not demonstrate a denial of equal protection to defendants in Polk County criminal cases. A difference in local conditions provides a rational basis for a difference in procedural rules. *Salsburg v. State of Maryland,* 346 U.S. 545, 553–554, 74 S.Ct. 280, 284–285, 98 L.Ed. 281, 289–290 (1954); *United States ex rel. Buonoraba v. Commissioner of Correction,* 316 F.Supp. 556, 564–566 (S.D.N.Y.1970); *City of St. Paul v. Hitzmann,* 295 Minn. 301, 204 N.W.2d 417 (1973).

Petitioners have not shown rule 26(F) denies them equal protection.

We find no merit in either ground of their constitutional attack on the rule.

VI. *Statutory rights.* Petitioners also contend rule 26(F) abridges rights granted all criminal defendants under various stat-

utes affecting pretrial procedures. An amendment of the rule in May 1976, after the commencement of this action, expressly noted the rule was inapplicable to time limits prescribed in a number of those statutes. The other statutes involved do not establish fixed time periods in which the rights may be exercised. Petitioners have not shown a necessary conflict between the provisions of the rule and any affected statutory right.

For example, they assert the rule conflicts with § 777.3, which provides objections to an indictment are waived if not raised by demurrer before the jury is sworn. In doing so they erroneously read § 777.3 as making any attack on an indictment by demurrer timely so long as it occurs before the jury is sworn at trial. The statutory provision is not inconsistent with a court rule which enjoins a party to make such attack earlier. The rule implements the policy of the statute. We believe rule 26(F) simply requires pretrial rights to be exercised within the periods specified in the rule when grounds then exist. In order to expedite trial preparation and to prevent disruption of trial, it is not unreasonable to require attacks on the indictment to be made at the earliest available opportunity in the progress of the case. *State v. Ritchison,* 223 N.W.2d 207, 214 (Iowa 1974); *State v. Allnutt,* 261 Iowa 910, 912–913, 156 N.W.2d 274, 275 (1968).

This case does not present any concrete situation in which rule 26(F) has been applied in alleged violation of a pretrial procedural right accorded by statute. We will not presume the rule will be so applied.

Petitioners attack on the rule on the ground it necessarily conflicts with their statutory rights is without merit.

We deny the petition for supervisory order.

PETITION DENIED.