Zona JOHNSON, Petitioner,

v.

**Theodore H. MILLER, Judge of the Fifth Judicial District of Iowa, Respondent.**

No. 60537.

Supreme Court of Iowa.

Oct. 18, 1978.

Rehearing Denied Nov. 17, 1978.

Joseph L. Marks of Marks, Flagg, Hockett & Marks and Gordon E. Allen, Des Moines, for petitioner.

Richard C. Turner, Atty. Gen., and Dan L. Johnston, County Atty., for respondent.

HARRIS, Justice.

We granted certiorari to test a local court rule which requires a criminal defendant to give pretrial notice of certain affirmative defenses. We find the rule, properly applied, would not be unconstitutional. We therefore annul the writ.

Petitioner was charged with both possession and delivery of controlled substances in violation of § 204.401, The Code, 1977. In preparing her defense she was confronted with rule 26(f)(7), a local court rule of the fifth judicial district of Iowa. The rule applies only to Polk County. It provides:

"Where the Defendant pleads not guilty and proposes to show intoxication, by drugs or alcohol, as a defense, or that he claims entrapment, or that he acted in self-defense, he shall, at the time he pleads or at any time thereafter, not later than four days before trial, file a written notice of this purpose, setting forth the names of the witnesses, together with the addresses and occupations of each, and a statement of the substance of that which the Defendant expects to prove by the testimony of each said witness. If the Defendant fails to so file, and absent good cause shown for such failure, the Court may exclude the testimony of any undisclosed witness offered by the Defendant. This shall not limit the Defendant's right to testify on his own behalf."

The parties stipulated the purpose of the rule was explained by Judge J. P. Denato as follows:

"Amendment # 2 is designed to avoid the surprise and unfairness involved in the asserting of one of these defenses at or after the trial evidence. It is patterned word for word to Section 777.18, The Code, which makes the same requirement for insanity or alibi defenses.

"I believe it is authorized by the Iowa Supreme Court decision *ICLU vs. Critelli* [244 N.W.2d 564] on our present Local Rules.

"It is essentially the same as Rule 12 of the Federal Rules of Criminal Procedure—such notice requirements are recommended in the ABA minimum standards and also in the Standards and Goals of the National Advisory Commission on Criminal Justice. It is otherwise common in the states by my general impression."

Petitioner argues the trial court lacked the constitutional and statutory power to adopt the rule because it denies her equal protection, due process, the right to a fair trial, and violates her privilege against self-incrimination under our own and the federal constitutions. We agree with the trial court's rejection of the argument.

I. Both parties cite our opinion in *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564 (Iowa 1976). Although petitioner attempts to distinguish it we think that opinion establishes the inherent common-law power in trial courts to adopt rules for the management of cases on their dockets. Within proper limits such rules are constitutional.

Petitioner further seeks to distinguish rule 26(f)(7) from the rule we upheld in *Critelli* on the claim the rule now challenged is a rule of substantive law. We found the rule challenged in *Critelli* was one of procedure only. And we believe the claimed distinction is not valid. As Judge Denato pointed out, rule 26(f)(7), the rule here contested, is patterned after § 777.18, The Code, 1977 (since repealed). In *State v. Rourick*, 245 Iowa 319, 60 N.W.2d 529 (1953) this court held that the notice required by § 777.18 is by nature a special plea. We think the "special plea" under § 777.18 and the special notice requirement under rule 26(f)(7) are similar and are both procedural, not substantive. We have many times described the distinction between substantive law (creates, defines or regulates rights) and procedural law (the practice, method, procedure or legal machinery by which substantive law is enforced or made effective). *State ex rel. Turner v. Limbrecht*, 246 N.W.2d 330, 332 (Iowa 1976). We are satisfied that the subject of rule 26(f)(7) is procedural, not substantive, law.

We hold the judges of the fifth judicial district possess the power to adopt rule 26(f)(7) and we find it to be constitutional.

II. In *Critelli* we also pointed out:

"In the interest of uniformity of rules of practice in the district courts of this state, we do not encourage a proliferation of idiosyncratic local rules. At the same time we recognize the necessity of occasional departure from uniformity because of unique local conditions. . . ." 244 N.W.2d at 570.

It remains our hope that trial courts of the state, whenever possible, will refrain from enacting local court rules which might be unfamiliar to counsel who practice elsewhere in the state. It is especially sobering for us to review a rule adopted to apply in only one county. But we are not yet to the point of holding this lack of uniformity is a valid ground for us to disapprove such a rule.

III. The challenged rule, while valid, should be read and applied in the light of *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). In *Wardius* the U.S. Supreme Court struck down as unconstitutional an Oregon statute which required, under pain of evidence exclusion, pretrial notice of the defense of alibi. But the court was careful to note the absence in Oregon of reciprocal notice and discovery rights favoring the accused. The court said:

"Notice-of-alibi rules, now in use in a large and growing number of states, are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial. (Authorities).

". . . The growth of such discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system. . . ." 412 U.S. at 473–474, 93 S.Ct. at 2211, 37 L.Ed.2d at 86–87.

Iowa, on the other hand, has reciprocal discovery rights favoring the accused. § 781.10, The Code, 1977; *State v. Peterson*, 219 N.W.2d 665, 668–669 (Iowa 1974). Those rights were extensively expanded in the recent criminal code revision. § 813.2, rules 12 and 13, The Code, 1977, Supp.

In this case petitioner did not, prior to petitioning for the writ of certiorari, raise her reciprocal notice and discovery rights, guaranteed in *Wardius*. Nevertheless application of local court rule 26(f)(7) must accord her those rights if she so demands.

The judges of the fifth judicial district had the inherent power to enact

local court rule 26(f)(7). The rule did not violate any statute nor offend against any constitutional rights of the petitioner. We therefore annul the writ.

WRIT ANNULLED.

All Justices concur except ALLBEE, McGIVERIN and LARSON, JJ., who take no part.