# IN THE SUPREME COURT OF IOWA

No. 19–1008

Filed May 8, 2020

**CORNELIUS DAVIS,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**

Defendant.

Certiorari to the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Plaintiff in civil action filed petition for writ of certiorari seeking review of a sanction ordered against him and/or his attorney by a district court for the party's failure to personally attend a scheduled pretrial settlement conference. **WRIT ANNULLED.**

Michael M. Sellers of Sellers, Galenbeck & Nelson, Des Moines, for plaintiff.

Michael A. Giudicessi and Susan P. Elgin of Faegre Drinker Biddle & Reath LLP, Des Moines, for defendant.

**OXLEY, Justice.**

The plaintiff in a lawsuit failed to personally attend a court-ordered pretrial settlement conference, despite pretrial orders and a local rule requiring his attendance. When the party failed to appear, the district court cancelled the conference and ordered the party and/or his attorney to pay expenses associated with one of the defendants' attendance at the conference. The plaintiff filed a petition for writ of certiorari challenging the order, invoking our original jurisdiction.

On our review, we uphold the district court's inherent authority to order parties to personally appear at settlement conferences and its authority to sanction those who fail to comply with such orders. We also determine the district court did not abuse its discretion in finding the plaintiff in violation of its order and directing the specific sanction in this case. We therefore annul the writ.

## I. Background Facts and Proceedings.

As the result of a peer-review investigation, Dr. Cornelius Davis, a heart surgeon, lost his clinical privileges to perform surgeries at Genesis Health Systems (Genesis) in Davenport. He sued Genesis in the Iowa District Court for Scott County, later adding as defendants Davenport Surgical Group (DSG) as well as two doctors from DSG and two doctors from Genesis, all of whom had participated in the peer-review investigation. Davis claimed the defendants wrongfully destroyed his reputation, employment contract, and career.

This case centers on a settlement conference that occurred as part of that underlying case. The seventh judicial district requires mandatory pretrial settlement conferences prior to any civil trial, as made clear by two pretrial orders entered in the underlying case. A January 25, 2018 trial-setting order set the date for the mandatory settlement conference and

stated, "All parties with authority to settle must be present." Trial was continued, but another scheduling order, resetting the settlement conference for May 16, 2019, included the same declaration.

In addition, the seventh judicial district uses local rules termed "Guidelines of Practice and Administration" to assist in administering its courts. One such rule is rule 7.1, which explains, "All parties to the action shall attend the settlement conference, unless specifically excused by the settlement conference judge."

Prior to the scheduled settlement conference, the defendants moved for summary judgment. Consequently, on May 8, 2019, defendant DSG requested permission to be excused from the settlement conference. The district court denied the motion, noting, "Settlement conferences are mandatory for all parties in our district. Although a motion for summary judgment is pending, DSG remains a party and must attend. In addition, the Court expects all parties to negotiate in good faith."

A court attendant contacted Davis's counsel the day before the settlement conference about continuing the conference based on the pending summary judgment motion. Davis's counsel insisted the conference could be productive and should go forward, yet failed to inform the court his client would not be attending in person. Nor did he seek clarification of the court's recent order requiring all parties to be present and negotiate in good faith.

The conference went forward as scheduled. Genesis and DSG each appeared at the settlement conference with their counsel and a party representative. Dr. Joseph Lohmuller, one of the named defendants and an employee of DSG, attended the settlement conference as the party representative for DSG. He was authorized to settle on behalf of DSG as well as himself and the other DSG-employed defendant-doctor, who did

not personally attend. Jason Enzler, in-house counsel for Genesis, attended the settlement conference with authority to settle on behalf of Genesis and its employee-doctors. The Genesis doctors named as individual defendants, Drs. Augelli and Kovach, did not appear in person.[1]

Davis did not attend the settlement conference. Instead, he was represented by his attorneys, Michael Sellers and Trent Nelson. Davis's counsel informed the district court that Davis was in surgery in Texas that day but was available by phone. The district court refused to hold the conference without Davis present and asked whether the defendants would like to make an oral motion for sanctions. DSG did, requesting $4000, which represented Dr. Lohmuller's lost income of $1500 and DSG's attorney fees and mileage of $2500. Genesis also requested $500 in attorney fees.

The next day, the district court granted the motion as to Dr. Lohmuller and DSG but denied it as to Genesis. The court denied Genesis's motion for sanctions because Genesis substituted its in-house counsel as counsel-of-record the morning of the settlement conference without obtaining advance approval from the court or informing Davis. It further noted that, because of Davis's absence, "the Court was unable to conduct a settlement conference in this case. As a result, both the settlement conference and the trial will need to be continued." The court cited local rule 7.1 and the orders setting the settlement conference as

---

[1]We reject Davis's assertion that the district court arbitrarily applied its order when it excused three of the individual defendant-doctors' absences from the conference. Both corporate defendants had party representatives at the settlement conference with authority to settle on behalf of their respective corporations and the employees. It was well within the district court's discretion to recognize the practicalities that any settlement by the employee-doctors would be covered by their corporate employers. Davis, on the other hand, was the sole, individual plaintiff, and his only representatives were his attorneys. This representation is a difference in kind, not just degree.

authority that Davis violated a court order by not attending the conference. The district court ordered

> that the plaintiff, Cornelius Davis, and/or his counsel, Michael M. Sellers, shall pay a monetary sanction to Davenport Surgical Group in the sum of $1500 and to its attorney, Susan P. Elgin in the sum of $2500. The sanction shall be paid within 30 days of the entry of this order.

In response, Davis filed a "Motion to Rescind Sanction." In that motion, Davis argued "[t]he imposition of sanctions in this matter is (1) inconsistent with the Iowa Rules of Civil Procedure[;] (2) inconsistent with the guidelines used to impose sanctions[;] and (3) arbitrary, as no party complied with all of the requirements of Rule 7.1." Sellers contended that Davis's failure to attend was rooted in mistake, not misconduct, and that he did not realize Davis was required to personally attend.

The district court denied Davis's motion to rescind sanction. It noted that, if Davis misunderstood he must be present at the settlement conference, he must have "misunderstood a number of court orders entered in this case." It also explained that rule 7.1 had been the rule in the seventh judicial district for twenty years. Further, the court noted it was "sympathetic that local customs can sometimes ambush out-of-district lawyers, [but] the Court simply does not see this as the case here." Ultimately, the court concluded,

> The orders and guidelines are clear. The plaintiff failed to obey one or more scheduling orders that all parties with authority to settle must be present. The Court believes this language is sufficiently clear to constitute an order that the plaintiff be personally present unless excused by the Court.

It then concluded Iowa Rule of Civil Procedure 1.602 authorized the sanctions it ordered, noted DSG was harmed by attending the conference, and upheld the sanction. However, it removed the label "sanction" from its order.

On June 14, Davis filed a petition for writ of certiorari to this court. We granted the petition and stayed the sanction on July 15.

## II. Standard of Review.

"The proper means to review a district court's order imposing sanctions is by writ of certiorari." *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009). "A writ of certiorari lies where a lower . . . court has exceeded its jurisdiction or otherwise has acted illegally." *State Pub. Def. v. Iowa Dist. Ct.*, 747 N.W.2d 218, 220 (Iowa 2008) (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 633 N.W.2d 280, 282 (Iowa 2001)). "[O]ur review is for errors at law." *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 687 (Iowa 2014). A lower court acts illegally when its "findings lack substantial evidentiary support, or when the court has not properly applied the law." *State Pub. Def.*, 747 N.W.2d at 220 (quoting *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998)). "When reviewing the district court's action, we 'either sustain [the writ] or annul it. No other relief may be granted.' " *Ostergren v. Iowa Dist. Ct.*, 863 N.W.2d 294, 297 (Iowa 2015) (alteration in original) (quoting *Crowell*, 845 N.W.2d at 682).

"We review a district court's order imposing sanctions . . . for an abuse of discretion." *First Am. Bank v. Fobian Farms, Inc.*, 906 N.W.2d 736, 744 (Iowa 2018) (quoting *Rowedder v. Anderson*, 814 N.W.2d 585, 589 (Iowa 2012)). "A district court abuses its discretion when it 'exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *Id.* (quoting *Rowedder*, 814 N.W.2d at 589).

## III. Analysis.

Davis's challenge focuses on the enforceability of the seventh judicial district's local rule 7.1. Davis complains that the district failed to comply with the process for enacting local rules, such that the local rules are really just unenforceable guidelines buried on the district's website.

He also challenges rule 7.1 as inconsistent with the Iowa Rules of Civil Procedure. Finally, he argues the district court abused its discretion in ordering sanctions under the circumstances.

**A. The District Court's Inherent Authority.** The district court's order was premised primarily on Davis's failure to comply with orders entered in his individual case rather than on local rule 7.1. Davis's criticisms of rule 7.1 ignore that the district court entered two separate pretrial orders setting a date for the settlement conference and expressly providing, "All parties with authority to settle must be present." When DSG asked to skip the settlement conference, the district court denied the request in an order Davis would have received just one day before the scheduled conference, explaining, "Settlement conferences are mandatory for all parties in our district."

We have repeatedly acknowledged that district courts have inherent authority to manage proceedings on their dockets and in their courtrooms. *See, e.g., Ostergren*, 863 N.W.2d at 300 ("[D]istrict courts have authority 'to adopt rules for the management of cases on their dockets.' " (quoting *Johnson v. Miller*, 270 N.W.2d 624, 626 (Iowa 1978)); *Hearity v. Iowa Dist. Ct.*, 440 N.W.2d 860, 863 (Iowa 1989) ("The district court has inherent power to exercise its jurisdiction, to maintain and regulate cases proceeding to final disposition within its jurisdiction, and, when necessary, to punish contempt."); *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 568–69 (Iowa 1976) ("[O]ur cases have consistently recognized the inherent common-law power of the courts to adopt rules for the management of cases on their dockets in the absence of statute."). This authority includes ordering and enforcing certain pretrial conduct, such as attendance at pretrial conferences. *See Fry v. Blauvelt*, 818 N.W.2d 123, 130 (Iowa 2012).

Iowa Rule of Civil Procedure 1.602(1) declares that, "[i]n any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it" for a pretrial conference. Iowa R. Civ. P. 1.602(1). That rule 1.602(1) expressly provides the district court with discretion to require attorneys and unrepresented parties—without mention of represented parties—to attend pretrial conferences, including settlement conferences, *see id.* r. 1.602(1)(*e*), does not prevent the district court from also requiring represented parties to personally appear. Our rule 1.602 follows the general language of Federal Rule of Civil Procedure 16, which likewise authorizes the court to "order the attorneys and unrepresented parties to appear" at settlement conferences. *See* Fed. R. Civ. P. 16(a)(5). Despite the lack of explicit language (prior to amendments in 1993[2]), federal courts recognized that Rule 16 allowed district courts to order represented parties to appear. This interpretation "merely represent[ed] another application of a district judge's inherent authority to preserve the efficiency, and more importantly the integrity, of the judicial process." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (en banc). "[T]he mere absence of language in the . . . rules specifically authorizing or describing a particular judicial procedure should not, and does not, give rise to a negative implication of prohibition." *Id.*

Likewise, an Iowa district court has the inherent authority to require parties to personally appear at a conference, as the district court did here. Such authority is especially cogent for attendance at a settlement conference, the productivity of which is significantly enhanced by the

---

[2]Rule 16 was amended in 1993 to add, "If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1); Fed. R. Civ. P. 16 advisory committee's note to subdivision c, 1993 amendment.

personal involvement of the parties.  Davis ignores that he brought the underlying lawsuit in this wrongful-termination case, and the settlement conference would have been less productive, if not wholly unproductive, without his attendance.  Settlement conferences involve much more than merely exchanging offers and demands until the parties reach a mutually agreeable dollar amount.  Requiring party attendance increases the party's investment in reaching resolution if he is required to be present through the duration of the conference.  It also allows the party to consider, and to offer, unique settlement options not previously considered and to potentially reach compromises his attorney would not have made.  *See generally* Robert J. Keenan, Note, *Rule 16 and Pretrial Conferences: Have We Forgotten the Most Important Ingredient?*, 63 S. Cal. L. Rev. 1449, 1485–95, 1498–506 (1990).  Likewise, the mediator, or the judge in a judge-led settlement conference, does more than carry numbers back and forth.  As the neutral, the judge uses his or her negotiating skills to help parties face the weaknesses in their case and the risks of proceeding to trial, weaknesses and risks that cannot be appreciated by an absent party or one available only by phone.  District courts are well within their inherent authority to order parties to personally attend settlement conferences.

**B. The District Court's Order in this Case.**  We reject Davis's argument that the district court's trial setting order, directed at "[a]ll parties with authority to settle," was too vague to alert him that he, as opposed to his attorney, needed to be personally present.  That Davis can identify other circumstances where "party" can be read to mean "through my attorney" does not make the district court's order vague.  We simply see no objectively reasonable meaning of the phrase "parties with authority to settle" as used in the district court's orders other than as a command addressed to the individual parties to the case.  Notably, Davis does not

argue the order's reference to "parties with authority to settle" could have *only* meant his attorney. To the extent there was any vagueness in the order, it was incumbent on Davis's counsel to seek clarification from the court rather than take the chance and show up without his client.

Similarly, the directive "must be present" means just what it says—the party must be physically at the conference, not just available by phone if needed. *See Present, Black's Law Dictionary* (11th ed. 2019) (defining "present" as "[i]n attendance; not elsewhere"). Attorneys do not generally appear for a hearing by phone without first seeking permission. Rather, they routinely make motions to appear by phone and await the court's approval before daring to not appear physically in the courtroom for a scheduled hearing. We would expect them to do the same when their client is directed to "be present" for a settlement conference.

Finally, we accept Davis's "invit[ation] … to *actually look*" at the trial setting orders, Reply Br. 7, and the accompanying implication that because the attendance requirement is contained in a routine trial-setting order, it is somehow less enforceable. Our district courts have demanding dockets, and they efficiently conduct the business of the courts with minimal staff and limited resources. That they use "boilerplate" templates rather than "individually drafted" pretrial orders makes their orders no less enforceable. The trial setting order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Langenbau v. Med-trans Corp.*, 167 F. Supp. 3d 983, 997 (N.D. Iowa 2016) (quoting *Transam. Life Ins. v. Lincoln Nat'l Life Ins.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)) (addressing a scheduling order entered in federal court); *see also Fry*, 818 N.W.2d at 129 ("Pretrial scheduling orders serve an important function in our civil justice system . . . . [by] encourag[ing] pretrial management and assist[ing] the trial court in controlling the

direction of the litigation."). Every order issued by a district court—including trial-setting orders using boilerplate language—is a directive from the district court and should be respected as such. If an order directs that "[a]ll parties with authority to settle must be present," then attorneys are well-advised to ensure their clients are in the courtroom.

**C. The District Court's Authority to Sanction.** A district court's inherent authority would be meaningless absent an enforcement mechanism. "To ensure our district courts have the tools to effectively manage pretrial conduct and control the conduct of the trial, we have recognized the inherent power of the district court to enforce pretrial orders by imposing sanctions." *Fry*, 818 N.W.2d at 130. Nonetheless, district courts must have a specific grant of authority to assess costs, including attorney's fees, as sanctions against parties. *Hearity*, 440 N.W.2d at 863 ("The court's inherent power alone, however, does not authorize the court to assess attorney fees [or other costs] as a sanction against a litigant or counsel."); *see also State Pub. Def. v. Iowa Dist. Ct.*, 886 N.W.2d 595, 598 (Iowa 2016) ("As a general rule, court costs 'are taxable only to the extent provided by statute.' Absent statutory authority, a court lacks authority to tax costs against a party." (citation omitted) (quoting *City of Cedar Rapids v. Linn County*, 267 N.W.2d 673, 673 (Iowa 1978))).

That authority is provided by Iowa Rule of Civil Procedure 1.602(5). Subsection 5, subtitled "Sanctions," provides,

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . or if a party or party's attorney is substantially unprepared to participate in the conference . . . the court, upon motion or the court's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in rule 1.517(2)(*b*)(2)–(4).

Iowa R. Civ. P. 1.602(5). The rule goes on to explain,

> In lieu of or in addition to any other sanction, the court shall require the party or the attorney representing that party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the court finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

*Id.*

The district court concluded Davis failed to obey a pretrial order. It also found Davis's absence rendered him unprepared to participate in the settlement conference. Thus, the district court had the necessary underlying authority to impose sanctions under rule 1.602(5) because Davis disobeyed the pretrial order requiring the parties—not just their counsel—to personally attend the settlement conference, making him substantially unprepared to participate in the conference.

Courts have recognized the use of sanctions to deter parties from deciding that a settlement conference is not worth the cost to attend. *See Universal Coops., Inc. v. Tribal Co-op. Mktg. Dev. Fed'n of India, Ltd.*, 45 F.3d 1194, 1197 (8th Cir. 1995) (affirming sanction against party for failing to present corporate representative at settlement conference, explaining, "[t]he rule of law cannot countenance Trifed's brand of *ad hoc* cost-benefit compliance analysis, and we affirm both the imposition and the amount of those sanctions"). The seventh judicial district makes settlement conferences mandatory for all of its civil cases to help streamline cases and avoid unnecessary litigation.[3] Where one party decides it is not worth its effort to attend and participate in good faith, the district court is well within its discretion to order that party to reimburse the wasted expenses and lost income incurred by other parties who do attend as directed.

---

[3]We have discouraged "a proliferation of idiosyncratic local rules." *Ostergren*, 863 N.W.2d at 300 (quoting *Critelli*, 244 N.W.2d at 570); *see also Johnson*, 270 N.W.2d at 626. Here, the seventh judicial district's rule should not be characterized as "idiosyncratic," and it was implemented by two specific orders in this case.

The district court found the $4000, including Dr. Lohmuller's lost income of $1500 and DSG's attorney fees and mileage of $2500, was a reasonable amount representing the expenses incurred by DSG and Dr. Lohmuller in attending the settlement conference. We see no evidence in the record that those values were not reasonable, and in any case, Davis does not challenge the reasonableness of the awarded expenses. He therefore has waived the argument that the amount was unreasonable. *See* Iowa R. App. P. 6.903(2)(*g*).

**IV. Conclusion.**

The district court did not exceed its jurisdiction or otherwise act illegally in finding Davis in violation of its trial-setting order when he failed to personally appear for the scheduled settlement conference. The district court's order directing Davis and/or his attorney to pay DSG and Dr. Lohmuller's reasonable expenses of attending the conference was a correct application of the law.

**WRIT ANNULLED.**

All justices concur except McDermott, J., who takes no part.