# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0543
Filed January 7, 2026

————————————

**Greg Merrigan and Brenda Merrigan,**
Plaintiffs–Appellants,

v.

**Greg Boattenhamer and Holly Wiederin, individually and as Trustees
of the Greg Boattenhamer and Holly Wiederin Joint Revocable Trust,
dated September 7, 2018**
Defendants–Appellees.

————————————

Appeal from the Iowa District Court for Warren County,
The Honorable Terry Rickers, Judge.

————————————

**AFFIRMED**

————————————

Billy J. Mallory (argued) and Trevor A. Jordison of Mallory Law,
Urbandale, attorneys for appellants.

Brandt D. Kahler (argued) and Cassandra M. Alesch of Brown, Winick,
Graves, Gross and Baskerville, P.L.C., Des Moines, attorneys for appellees.

————————————

Heard at oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Presiding Judge.**

Greg Merrigan and Brenda Merrigan (the plaintiffs) appeal the district court's grant of summary judgment. They argue the district court erred when it (1) excluded witnesses and evidence as a discovery sanction and for lack of expert designation, (2) granted a mistrial and entered an order reaffirming all prior evidentiary rulings for the second trial as law of the case, and (3) granted summary judgment. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

Greg Merrigan and Brenda Merrigan (the plaintiffs) purchased their home from Greg Boattenhamer and Holly Wiederin (the defendants) in July 2019. The plaintiffs began to experience a variety of issues with their new home including a cracked exterior insulation and finish system (EIFS), water intrusion to the home through the windows, and water intrusion in the home's basement. They were forced to make repairs to the EIFS, and ultimately replaced all forty windows in the home.

As a result of the extensive repairs, the plaintiffs filed suit against the defendants. They alleged breach of contract, fraudulent misrepresentation, and statutory liability under Iowa Code chapter 558A (2019). The basis of the allegations was that the defendants knew about the defects in the home and intentionally failed to disclose the defects to the buyer plaintiffs.

The plaintiffs designated the contractor who made the repairs to the home as an expert witness. The contractor was to give an opinion regarding the causation and damages regarding the EIFS and window failure. However, at deposition, he indicated he did not have information to support the opinions that were in his expert disclosure. The defendants moved to exclude

the contractor as an expert witness, and the district court granted their motion.

During discovery, the plaintiffs produced a number of items, including a variety of photographs of the home. In response, the defendants served interrogatories seeking to identify who took the photographs, the date and time they were taken, and what the photographs were intended to show. The plaintiffs did not respond to the interrogatory or to the deficiency letter that followed.

Further, the defendants sought interrogatories regarding the amount of damages being sought by the plaintiffs. The plaintiffs responded by outlining damages that approximated $99,418. But in response to a separate interrogatory the defendants stated the number was approximately $160,000. The defendants again sought clarification through a deficiency letter, and the plaintiffs did not respond.

The matter proceeded to trial in May 2024. Prior to the trial beginning, the district court heard arguments on the parties' motions in limine. The defendants sought discovery sanctions in their motion in limine by seeking to (1) exclude expert opinions regarding causation and damages by subcontractors who were not designated as experts, (2) limit the categories of damages plaintiffs could pursue at trial, and (3) exclude the photographs that were the subject of the interrogatory which was not answered. The district court agreed and granted the defendant's motions in limine.

During the trial, counsel for the plaintiffs had a medical emergency and was hospitalized. The district court granted a mistrial and reset the trial. The defendants filed a motion seeking to have the district court reaffirm its rulings on expert testimony and the motions in limine, keep discovery closed,

3

and grant leave to file a summary judgment motion. The plaintiffs sought to compel depositions in advance of the new trial and did not resist the defendants request to file a summary judgment motion. The district court agreed with the defendants and stated its intention to close discovery and preserve the status quo for the new trial.

The defendants filed a motion for summary judgment alleging the plaintiffs were required to present expert testimony regarding causation and damages. The district court agreed and granted summary judgment for the defendants. The plaintiffs now appeal.

## DISCUSSION

### I. Exclusion of Evidence

First, the plaintiffs argue the district court erred when it excluded testimony and evidence as a discovery sanction. Evidentiary rulings are discretionary and therefore are reviewed for abuse of discretion. *Pexa v. Auto Owners Ins.*, 686 N.W.2d 150, 158–59 (Iowa 2004). If a court abuses its discretion, "[r]eversal is called for . . . only if it appears that prejudice has resulted." *Strain v. Heinssen*, 434 N.W.2d 640, 641–42 (Iowa 1989). Evidentiary rulings are prejudicial only if "it is probable a different result would have been reached but for the admission of the evidence or testimony." *Mohammed v. Otoadese*, 738 N.W.2d 628, 633 (Iowa 2007) (cleaned up).

"The district court has inherent power to maintain and regulate cases proceeding to final disposition within its jurisdiction." *Lawson v. Kurtzhals*, 792 N.W.2d 251, 258 (Iowa 2010) (cleaned up). "This power includes the authority to exclude evidence for failure to supplement discovery." *Id.* In determining whether the district court abused its discretion, we consider several factors, including "(1) the party's reasons for not providing the

challenged evidence during discovery; (2) the importance of the evidence; (3) the time needed for the other side to prepare to meet the evidence; and (4) the propriety of granting a continuance." *Id.* at 259 (citation omitted). We will discuss each discovery sanction in turn.

a. *Expert Testimony*

The plaintiffs argue that the district court excluded the testimony of subcontractors who were going to testify regarding work they performed to the property. In their brief, the plaintiffs claim the testimony was not expert testimony but lay witness testimony "to describe what they observed during their work, the repairs they made, *what caused the damage as they encountered it*, and the cost of fixing it." (Emphasis added.) They argue the district court abused its discretion when it excluded the witnesses' testimony and "refused to distinguish between factual observations and retained expert opinion." We disagree with that characterization of the district court's ruling.

The district court found a discovery violation relating to expert disclosure. In an order striking the expert opinions, the district court stated:

> According to the supplemental interrogatory answer, each of the six additional witnesses are expected to render opinions concerning the nature, cause, and onset time of various defects in the home. To the extent that these recently disclosed witnesses are expected to render such expert opinions, their disclosure is untimely and insufficient. Those witnesses shall not be allowed to testify as to any opinions as to the origin, cause, or time of onset of the defects complained about by the Plaintiffs.

At trial, the district court was asked again to address the extent to which subcontractors could testify regarding the repairs made to the property. In response, the district court stated, "they can testify as to what they did, but they're not going to be able to testify as to why it was necessary. I observed some cracking, and I repaired it and it cost this much money, but

that's as far as I'll let them go." The district court disallowed any further testimony because those expert opinions were not timely disclosed. *See* Iowa R. Civ. P. 1.500(2)(d)(1) (requiring expert disclosures by the time in the court's trial scheduling order or no later than ninety days before trial). Contrary to the plaintiffs' contention, the district court did not disallow lay witness testimony regarding the witnesses' personal observations and actions, it only limited testimony opining on the cause of the damage to the property. So, we find no abuse of discretion in the district court limiting expert testimony that was not timely disclosed. *See In re Marriage of Bolger*, No. 22-1201, 2023 WL 7378490 (Iowa Ct. App. Nov. 8, 2023) ("Our rules of civil procedure do not countenance 'trials by ambush,' and we find the discovery sanction was appropriate under the facts of this case." (citation omitted)).

### b. Photographs

Next, the district court excluded forty-nine photographs that plaintiffs intended to use in their case. The defendants served an interrogatory asking who took each photograph, the date and time they were taken, and a description of each. The plaintiff objected to the interrogatory stating, "it is overly broad and unduly burdensome." The defendants responded with a deficiency letter and the plaintiffs still refused. So, the defendants moved to exclude the photographs at trial. The district court agreed and excluded the photographs as a discovery sanction.

In considering the factors for whether exclusion was appropriate, we find it was. *See Lawson*, 792 N.W.2d at 259. Here, the district court found the plaintiffs failed to respond to the defendant's interrogatory regarding the photographs despite multiple opportunities to do so. After the court excluded these photographs, the plaintiffs never requested a continuance.

6

Therefore, we find no abuse of discretion in the district court excluding the photographs.

### c. Categories of Damages

Finally, the district court limited the categories of damages the plaintiffs could seek at trial. The defendants had served an interrogatory on the plaintiffs seeking the category of damages, total amount, how the damages were computed, and mitigation efforts the plaintiffs engaged in. In response, the plaintiffs stated they were seeking damages for (1) water leaks in multiple windows, (2) water leaks in the basement and (3) damage to EIFS due to undisclosed bats living behind shutters.

At trial, the defendants objected to the plaintiff's exhibit outlining damages. The defendants alleged the exhibit included a damage calculation that was not previously disclosed. In response to the interrogatory requesting the total damage amount, the plaintiffs alleged damages totaling $99,418. Then in a separate interrogatory which sought clarification on the plaintiffs' claim for water intrusion, the plaintiffs provided damages in the amount of approximately $160,000. The defendants sought clarification through a deficiency letter which was not responded to. At the hearing on the defendants' motion, the district court damages limited to the amount discussed in the interrogatory outlining the total damages.

We find the district court did not abuse its discretion by limiting damages. The plaintiffs had multiple opportunities to clarify the damages they were seeking and adequately respond to the defendant's interrogatories. The district court pressed plaintiffs' counsel for why these discrepancies existed and found the answer unsatisfactory. Iowa Rule of Civil Procedure 1.517 allows the district court to impose sanctions on a party who

7

fails to obey the court's order to provide or permit discovery. For the purposes of discovery sanctions and "evasive or incomplete answer is to be treated as a failure to answer." Iowa R. Civ. P. 1.517(1)(c). When a party fails to provide information, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Iowa R. Civ. P. 1.517(3)(a). We find the district court complied with rule 1.517 in imposing the discovery sanction, so there was no abuse of discretion.

Because each discovery sanction was a proper exercise of the district court's inherent authority, we find no abuse of discretion and affirm.

## II. Evidentiary Rulings Motion Following Mistrial

Second, the plaintiffs argue the district court erred when it made its prior evidentiary rulings the law of the case and refused to reopen discovery following the mistrial.

We review district court rulings on discovery matters for abuse of discretion. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013). Discovery rulings are "committed to the sound discretion of the trial court." *State v. Ary*, 877 N.W.2d 686, 702 (Iowa 2016). "A district court abuses its discretion 'when the grounds underlying a district court order are clearly untenable or unreasonable.'" *Sioux Pharm, Inc. v. Eagle Lab'ys, Inc.*, 865 N.W.2d 528, 535 (Iowa 2015) (quoting *Mediacom Iowa, L.L.C. v. Inc. City of Spencer*, 682 N.W.2d 62, 66 (Iowa 2004)).

After the first trial in this case began, counsel for the plaintiff fell ill and the district court was forced to grant a mistrial. Following the mistrial, the defendants filed a motion requesting the district court "confirm and affirm the . . . rulings on Defendants' motions in limine and other evidentiary

matters and establish them as the law of the case." The district court granted that motion.

Our supreme court has repeatedly acknowledged that district courts have inherent authority to manage proceedings on their dockets and in their courtrooms. *See, e.g.*, *Ostergren v. Iowa Dist. Ct.*, 863 N.W.2d 294, 300 (Iowa 2015) ("[D]istrict courts have authority 'to adopt rules for the management of cases on their dockets.'" (quoting *Johnson v. Miller*, 270 N.W.2d 624, 626 (Iowa 1978))); *Hearity v. Iowa Dist. Ct.*, 440 N.W.2d 860, 863 (Iowa 1989) ("The district court has inherent power to exercise its jurisdiction, to maintain and regulate cases proceeding to final disposition within its jurisdiction, and, when necessary, to punish contempt."); *Iowa Civ. Liberties Union v. Critelli*, 244 N.W.2d 564, 568–69 (Iowa 1976) ("[O]ur cases have consistently recognized the inherent common-law power of the courts to adopt rules for the management of cases on their dockets in the absence of statute."). This inherent authority also applies to issues relating to discovery. *Lawson*, 792 N.W.2d at 258.

On our review, we find no Iowa caselaw directly addressing the question of whether a district court can decline to reopen discovery after a mistrial. But we find the district court declining to do so in these circumstances is not an abuse of discretion as it is within the district court's inherent authority. This decision is in line with persuasive authority from federal courts. *See, e.g.*, *Bradshaw v. FFE Transp. Servs., Inc.*, 715 F.3d 1104, 1108 (8th Cir. 2013) ("The district court declined to reopen discovery after declaring a mistrial in the first trial, and this decision was not an abuse of discretion."); *Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 400 (8th Cir. 1989) ("Once discovery has closed in a case, it is the court's discretion whether or not to allow it to be reopened. The fact that a case has been reset for trial is

not automatically a justifiable reason to reopen discovery."); *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) ("[T]he district court was not required to reopen discovery to give Anderson a second bite at the apple."); *Zick v. PACCAR, Inc.*, 47 F.4th 672, 678 (8th Cir. 2022) (stating that reopening discovery at this stage would "expand[] disagreements and litigation; . . . require[] significant additional pretrial preparation; and further complicate[] the retrial.").

Because the district court's decision to keep the status quo after a mistrial was within its inherent authority, we affirm.

## III.    Summary Judgment

Third, the plaintiffs argue the district court erred when it granted summary judgment for the defendants. We review the district court's grant of summary judgment for correction of errors of law. *McClure v. E. I. du Pont de Nemours & Co.*, 23 N.W.3d 33, 40 (Iowa 2025). The court's grant of summary judgment is appropriate only if the record—including pleadings, depositions, interrogatories, admissions, and affidavits—shows no genuine issue as to any material fact. *Id.*; Iowa R. Civ. P. 1.981(3). If on those undisputed facts the moving party is entitled to judgment as a matter of law, summary judgment is appropriate, and we affirm. *McClure*, 23 N.W.3d at 40. We view the parties' submissions in the light most favorable to the party opposing summary judgment. *Id.* That includes taking all reasonable inferences favoring that party. *Id.*

The district court granted the defendants summary judgment on all three claims alleged by plaintiffs. The basis for the grant of summary judgment was the plaintiffs' lack of expert testimony to establish the causal connection between the defendants' actions and the damages that resulted. The plaintiffs argue that expert testimony was not necessary and that lay

opinion testimony could be used to prove causation in this case. The testimony they point to is of a subcontractor who went to the property and observed water had entered the property due to caulking failures. But that is an expert opinion. *See* Iowa R. Evid. 5.702. And this witness was not designated as an expert; we have already affirmed the district court's discovery sanction regarding expert testimony in this case.

It is possible to proceed without an expert when "under the evidence and *facts of common knowledge* plaintiff's theory is reasonably probable, not merely possible, and more probable than any other theory based thereon." *Doe v. Cent. Iowa Health Sys.*, 766 N.W.2d 787, 793 (Iowa 2009) (quoting *Stickleman v. Synhorst*, 52 N.W.2d 504, 507–08 (Iowa 1952)); *see Stickleman*, 52 N.W.2d at 507–08 (finding an expert was not required to establish causation when a physician incorrectly inserted a needle into patient's throat causing profuse bleeding). But when the connection between the defendant's negligence and the plaintiff's harm is outside a layperson's common knowledge and experience, "the plaintiff needs expert testimony to create a jury question on causation." *Doe*, 766 N.W.2d at 793.

In advancing their arguments, the plaintiffs rely on our supreme court's opinion in *Putman v. Walther*, 973 N.W.2d 857 (Iowa 2022). In that case, the supreme court discussed whether expert testimony was required in an action brought under Iowa Code chapter 558A. *Putman*, 973 N.W.2d at 863–65. Ultimately, the court left that question for another day because the plaintiffs in that case had designated expert testimony sufficient to survive summary judgment. *Id.* at 865 ("We need not resolve that issue today. Even if testimony about the scope and cost of repairs in this case does require expert testimony, we conclude that Putman adequately disclosed [expert testimony]."). The portions of *Putman* the plaintiffs rely on is dicta,

and we instead rely on our supreme court's decisions regarding the requirements of expert testimony in cases addressing water intrusion into property.

Here, the basis of the plaintiffs' claim is that water intruded into the home causing damage through the windows and basement. Their allegation is that the defendants knew of these defects and failed to inform them. Based on the record before us, we conclude expert testimony was required to establish the causal link between the defendants' conduct, the water intrusion into the property, and the damages being sought. *See Garr v. City of Ottumwa*, 846 N.W.2d 865, 872 (Iowa 2014) ("Courts have found that establishing a causal link between the topographical changes and flooding requires expert testimony."); *Intlekofer v. Reitberry Rental Prop., LLC*, No. 18-2086, 2019 WL 3714835, at *3 (Iowa Ct. App. Aug. 7, 2019) ("While it may be within the jury's common knowledge and experience that 'water flows downhill,' whether changes in topography caused water damage to a nearby building is a technical or scientific matter calling for an expert opinion." (footnote omitted)).

Consequently, when expert testimony is required and not available, summary judgment is appropriate. *See Kubik v. Burk*, 540 N.W.2d 60, 64–65 (Iowa Ct. App. 1995). We affirm the district court's grant of summary judgment.

## CONCLUSION

Because the discovery sanctions and trial management are within the district court's inherent authority, and summary judgment is appropriate in the absence of expert testimony, we affirm the district court in its entirety.

**AFFIRMED.**